# CIRCUIT COURT OF LOUDOUN COUNTY

Barbara J. Moreno

v.

Felix Ascher Moreno

November 18, 1997

Case No. (Chancery) 15059

BY JUDGE JAMES H. CHAMBLIN

After consideration of the argument of counsel on November 7, 1997, and the authorities cited, Mr. Moreno's motion to dismiss is denied because an award of attorney's fees in a child support enforcement proceeding may be excepted from discharge under § 523(a)(5) of the Bankruptcy Code.

The parties were divorced by decree of this Court entered July 20, 1993. The final decree incorporated a property settlement agreement which included provisions for the payment of child support by Mr. Moreno. In 1995, Ms. Moreno secured a rule to show cause against Mr. Moreno for his alleged failure to comply with the agreement, including failing to pay child support. After a hearing in November 1995, he was found in contempt for, among other things, the failure to pay child support as required by the agreement. Ms. Moreno was awarded $5,197.50 in attorney's fees for prosecuting the rule.

Mr. Moreno has not paid the attorney's fees awarded. In September 1996, he filed a Chapter 7 bankruptcy petition. He received a discharge in bankruptcy. In an adversary proceeding brought by Ms. Moreno, the bankruptcy court, for procedural reasons, declined to rule on whether the attorney's fee award is dischargeable. Thereupon, Ms. Moreno filed a motion in this Court for a determination of the dischargeability of the attorney's fee award, and, if not dischargeable, to order Mr. Moreno to pay the award or for a judgment for the award against him. Mr. Moreno filed the motion to dismiss claiming that the attorney's fees were properly discharged in bankruptcy.

Counsel have cited no Virginia state court cases on the issue. However, they have cited many bankruptcy cases, many of which are from the Fourth Circuit and the Eastern District of Virginia. It is clear that in both the Fourth Circuit and the Eastern District, attorney's fee awards in divorce proceedings are excepted from discharge under § 523(a)(5). *Roberson v. Roberson (In re Roberson)*, 187 Bankr. 159, 164 (Bankr. E.D. Va. 1995). Because discharge is favored by the Bankruptcy Code, the burden is upon the parent objecting to discharge to prove that the attorney's fees awarded are actually in the nature of child support. *See, Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir. 1986). The proof must be by a preponderance of the evidence. *Grogan v. Garner*, 111 S. Ct. 654, 662 (1991).

The question of whether or not a debt is in the nature of child support is largely a question of intent. *Beaton & Hart v. Zerbe (In re: Zerbe)*, 161 Bankr. 939, 941 (Bankr. E.D. Va. 1994). If a judge has made the decision that one party must pay another's attorney's fees, it is the intention of the judge that controls. *Beaton & Hart* at 941.

Although arguably Ms. Moreno's motion could be decided solely by me without the need of any evidence (I could simply state my intention in making the attorney's fee award), the general bankruptcy law seems to require an evidentiary hearing where the preponderance of the evidence standard applies. Therefore, if either party desires to present evidence, then an evidentiary hearing will be scheduled.

Mr. Moreno's motion to dismiss is denied. I cannot find that, as a matter of law, the attorney's fee award was discharged in bankruptcy.